IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00607-PAB-CBS

EARL K. MADSEN,
    Plaintiff,
v.

BARRY DASHNER
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff's "Motion for Entry of Judgment against Defendant Dashner."  Pursuant to the Order Referring Case dated March 14, 2012 (Doc. # 8) and the memorandum dated September 12, 2013 (Doc. # 39), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, the hearings held on August 9, 2012, August 20, 2012, September 11, 2012, November 5, 2012, May 20, 2013, and October 10, 2013 (*see* Courtroom Minutes/Minute Orders (Docs. # 18, # 19, # 20, # 27, # 34, and # 41)), the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Madsen filed this action against Mr. Dashner, alleging failure to pay sums due under two Personal Guaranties.  (*See* Docs. # 1, # 1-2, # 1-3).  Mr. Madsen and Mr. Dashner reached and entered a Settlement Agreement on May 24, 2013.  (*See* Doc. # 35).  Under the Settlement Agreement, the parties agreed to compromise the underlying lawsuit in the following manner:

    1.    Dashner shall pay to Madsen the liquidated sum of two hundred seventy thousand dollars ($270,000.00) on or before July 8, 2013, by wire transfer from Dashner to the Madsen bank account . . . .

1

* * *

      3.    In the event that Dashner shall fail or refuse to so timely pay the liquidated sum as provided in Paragraph 1 above, then Dashner shall pay to Madsen the liquidated sum of three hundred twenty five thousand dollars ($325,000.00) on or before July 23, 2013 to the Madsen account in USbank as listed in Paragraph 1 above.

* * *

      5.    In the event Dashner shall fail or refuse to timely pay the sum of three hundred twenty five thousand dollars ($325,000.00) as provided in Paragraph 3 above, then Dashner hereby expressly stipulates and agrees that Madsen is authorized to file a Motion for Entry of Judgment against Dashner with Magistrate Judge Craig B. Shaffer, and Dashner further expressly stipulates and agrees that he shall not in any manner oppose said Motion by Madsen, and that Magistrate Judge Craig B. Shaffer is expressly authorized by Dashner to enter the Judgment in the amount of three hundred twenty five thousand dollars ($325,000.00) for Madsen in civil action no. 12-cv-00607.

(See Doc. # 35).

Mr. Dashner does not dispute the authenticity of the Settlement Agreement and has conceded that he voluntarily signed the Settlement Agreement. He has also conceded that he did not pay Mr. Madsen by either July 8, 2013 or July 23, 2013. (*See* Courtroom Minutes/ Minute Order (Doc. # 41)). Mr. Dashner stated at the hearing held on October 10, 2013 that he has not paid Mr. Madsen in accordance with the Settlement Agreement because he is still waiting to receive funds. It is thus undisputed that $325,000.00 remains outstanding on Mr. Dashner's obligation under the Settlement Agreement.

The record establishes that Mr. Dashner is not a minor, incompetent, or an officer or agent of the United States. (*See* "Plaintiff's Verified Motion for Entry of Default Order" and Affidavit of Service (Doc. # 28 at 1-3, 5 of 5); Courtroom Minutes/Minute Orders (Docs. # 18, # 19, # 20, # 27, # 34, and # 41)).[1] The record establishes that Mr. Dashner is in default under the Settlement Agreement. The court concludes that Mr. Madsen is entitled to a default

---

[1] The Clerk of the Court entered Mr. Dashner's default in the underlying lawsuit on November 5, 2012. (*See* Doc. # 29).

2

judgment in the amount reflected in the Settlement Agreement.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's "Motion for Entry of Judgment against Defendant Dashner" (filed September 11, 2013, (Doc. # 38) be GRANTED.

2. Judgment be entered pursuant to the Settlement Agreement in favor of Plaintiff and against Defendant in the amount of $325,000.00 in liquidated damages.   The Settlement Agreement does not provide for interest or other fees to be charged.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);   *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.   See *Vega v. Suthers*, 195 F.3d 573, 579-80 (10th

Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);   *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).   *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 30th day of January, 2014.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge